IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 21-10035-02-JWB

LUIS G. PALAFOX VELAZQUEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for a sentence reduction (Doc. 111) pursuant to 18 U.S.C. § 3582(c)(2). The motion is ripe for decision.[1] (Docs. 111, 112.) The motion is DENIED for the reasons stated herein.

**I.  Facts**

The superseding information charged Defendant with two counts: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and (2) illegal reentry in the United States in violation of 8 U.S.C. § 1326(a). (Doc. 86 at 1–2.) Defendant pleaded guilty to both counts. (Doc. 90.) With the applicable reductions, Defendant received a total offense level of 33. (Doc. 100 at 14.) He also received one criminal history point and that yielded a criminal history category of I. (Doc. 100 at 16.) However, he did not receive any status points. (*Id.*) Thus, Defendant's offense level of 33 and criminal history category of I yielded a United States Sentencing Guidelines range of 135 to 168 months. (*Id.* at 21.)

The court sentenced Defendant to a term of 108 months for count one, and to a term of 12 months for count two—which runs concurrently with the sentence for count one. (Doc. 106 at 2.)

---

[1] Defendant did not file a reply and the time for doing so has now passed.

Defendant now seeks a reduction in his sentence pursuant to Part A of Amendment 821 to the Sentencing Guidelines for zero-point offenders. (Doc. 111).

## II. Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited May 3, 2024); U.S.S.G. § 4A1.1(e).

Here, Defendant argues that he should receive a sentence reduction under Part A of Amendment 821. Defendant received one criminal history point for his prior criminal convictions. (Doc. 100 at 16.) However, he did not receive any status points. (*Id.*) Thus, Defendant does not qualify for a sentence reduction under Part A of Amendment 821.

## III. Conclusion

IT IS THEREFORE ORDERED BY THE COURT THAT Defendant's motion to reduce his sentence (Doc. 111) is DENIED.

IT IS SO ORDERED. Dated this 10th day of May, 2024.

                                                  _s/ John W. Broomes_
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE